# CORRECTED

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

**JAN 25 1971**

PATRICIA D. HOWARD
CLERK OF THE PANEL

## THE JUDICIAL PANEL
## ON
## MULTIDISTRICT LITIGATION

IN RE PENN CENTRAL    )
SECURITIES LITIGATION )                    DOCKET NO. 56

### OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD
WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*,
AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The financial difficulties of the Penn Central Transportation
Company, now the subject of a Section 77 Reorganization proceeding
before Judge John P. Fullam in the Eastern District of Pennsylvania,
have generated numerous lawsuits by dissatisfied stockholders and
bondholders of the related Penn Central companies.  Most of these
actions are brought by stockholders of the Penn Central Co., holding
company for the stock of Penn Central Transportation Co.[1]  The
plaintiffs allege various violations of common law duties and the
federal securities laws by the Penn Central companies, their
present and former directors and officers, and a miscellaneous
group of stockbrokers, underwriters, accountants and others.

---

[1]    The Penn Central Company is a holding company which owns all
of the shares of the Penn Central Transportation Co., the company
which actually operates the railroad.  Penn Central Transportation
in turn holds the stock of the Pennsylvania Co.  The cases before
us have all been brought by either stockholders of the Penn Central
Co. (15 cases) or bondholders of The Pennsylvania Company (2 cases).

*  Judge Joseph S. Lord, III was unable to attend the hearing in
in this matter but with the consent of all parties participated in
this decision.

- 2 -

eventeen actions in two districts are now before the Panel[2/] on the motion of twenty individual defendants common to most of these actions, proposing transfer of the Southern District of New York actions to the Eastern District of Pennsylvania (Philadelphia) for coordinated or consolidated pretrial proceedings.

The majority of the parties responding to the motion agree that these cases raise common questions of fact concerning alleged concealment of Penn Central Transportation's financial state by the defendants.  More particularly, these actions all contain allegations of sales of Penn Central stock by directors and officers on the basis of inside information concerning Penn Central Transportation, the publication of false and misleading information by the defendants in proxies and other materials, or of related breaches of fiduciary duties and mismanagement.  Coordinated or consolidated pretrial proceedings in these cases would eliminate repetitive discovery programs in these common areas, advancing the just and efficient conduct of the litigation and serving the convenience of the parties and witnesses.

The plaintiffs in two actions, however, contend that they are concerned only with bonds issued by The Pennsylvania Company  and intend to proceed against only the underwriters and accountants

---

2/      Eight of these actions are in the Southern District of New York and 9 in the Eastern District of Pennsylvania.  In addition, there are at least 8  related cases which have been filed or have come to our  attention since the hearing.  They  are, of course, not subject to this order and will be treated as tag-along cases pursuant to Rule 12.

who participated in the issuance of those bonds.[3/]  At the
hearing, however, counsel for one of the plaintiffs conceded
that he would have to prove some of the same facts proved in
the other actions in order to establish the liability of the
accountants and underwriters for misstatements in connection
with the bond issue.  Although the extent of the factual over-
lap is not certain, it is sufficient to require these bond
cases to be assigned with the other cases for pretrial purposes.
The bond-holding plaintiffs may present their arguments for
separate treatment to the transferee judge, who is given the
discretion to decide the extent of coordination or consolida-
tion desirable in cases assigned to him under Section 1407.[4/]

The remaining issue is the selection of the appropriate
transferee district.  On this question we find the arguments
in favor of the Eastern District of Pennsylvania persuasive.
The main offices of Penn Central Transportation and its parent,
Penn Central, are in Philadelphia.  And the records of those
companies and Penn Central Transportation's subsidiary, The
Pennsylvania Co., are located there.  In addition, most of the
past and present officers and directors of those companies reside

---

3/    *Juster, Inc. v. Penna. Co.*, S.D. New York, 70 Civ. 4188;
*Dorfman v. First Boston Corp.*, E.D. Penna., 70-1845.

4/    We also reject the argument of the Pennsylvania plaintiff
that the Panel in its order of transfer should specify that only
coordinated, rather than consolidated, pretrial proceedings should
be held in the transferee court.  It would be both unwise and
unnecessary for us to anticipate the most desirable manner of
conducting pretrial in these cases.

**CORRECTED**

- 4 -

in or near that district.  Most importantly, the Section 77
reorganization of Penn Central Transportation is pending in that
district before Judge Fullam.  The reorganization court and the
trustee appointed by it have custody and control of the records
of the debtor corporation, 11 U.S.C. §205, and will be drawing
heavily on the time of both present and former officials of the
debtor and related companies.  Coordination of these cases with
the reorganization proceeding is thus essential to their efficient
management and can be most easily effectuated by transfer to
the Eastern District of Pennsylvania.  See *In re Westec Corp.*
307 F. Supp. 559 (JPML 1969); *Schneider v. Sears*, 265 F. Supp.
257 (S.D. N.Y. 1967) (involving a §1404(a) transfer in a similar
situation).

    We conclude, however, that these cases should not be
assigned to the judge who has responsibility for the reorganiza-
tion proceedings.[5]  In addition to the question of whether any
one judge would be equal to the mammoth task of supervising
pretrial proceedings in the stockholder cases and the Section 77
reorganization, see *In re Antibiotic Drug Litigation* __F. Supp. __
(JPML Dec. 2, 1970), there is the question of possible conflicts
of duties to which such an assignment might give rise.  The very
purpose of the reorganization proceedings is to avoid liquidation
of the corporate debtor and to work out a plan of reorganization for

---

[5]      28 U.S.C. §1407(b) provides, in pertinent part:
                Such coordinated or consolidated pretrial
                proceedings shall be conducted by a judge
                or judges to whom such actions are assigned
                by the Judicial Panel on Multidistrict
                Litigation.

**CORRECTED**

- 5 -

its rehabilitation.  **See generally,** *SEC v. American Trailer Rentals,* 379 U.S. 594, 605 (1965).  For this **reason the** reorganization court is given **a number of special powers aimed at** conserving the debtor's assets, including the power to stay and enjoin litigation against the debtor, 11 U.S.C. §205.  If these cases were assigned to the reorganization judge, he would also have the respon- sibility of **expeditiously conducting pretrial proceedings in these** cases in which the stockholders seek discovery from the personnel and records of the debtor corporation and its related corporations. Even if a judge were capable of carrying out these objectives simul- taneously, the appearance of conflict which such an assignment pre- sents should be avoided.  Transfer of these cases to another judge in the Eastern District of Pennsylvania will make possible the necessary coordination of their pretrial with the reorganization proceedings without subjecting the reorganization judge to the possibility  of conflicting duties.

Judge Joseph S. Lord, III, of the Eastern District of Pennsylvania to whom the first of the cases in that district was assigned, has agreed to accept the assignment of all cases.   IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A pending in districts other than the Eastern District of Pennsyl- vania are hereby transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1407.  With the written consent of that court, all related actions are hereby assigned to the Honorable Joseph S. Lord, III, for coordinated or consolidated pretrial proceedings.

DOCKET NO. 56                              SCHEDULE A

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Minnie Dorfman v. First Boston Corp., et al. | Civil Action No. 70-1845 |
| Mayer S. Reich v. Butcher, Butcher & Sherrerd, et al. | Civil Action No. 70-2005 |
| Richard S. Robinson, et al. v. Penn Central Company, et al. | Civil Action No. 70-2010 |
| Edward Perry v. Butcher, Butcher & Sherrerd, et al. | Civil Action No. 70-2137 |
| Herbert Cook, et al. v. Penn Central Co., et al. | Civil Action No. 70-2505 |
| Philip Baron and Ann Nemser v. Stuart Saunders, et al. | Civil Action No. 70-2596 |
| Richard S. Robinson, et al. v. Howard Butcher, III, et al. | Civil Action No. 70-2696 |
| Richard S. Robinson, et al. v. Peat, Marwick, Mitchell & Co., et al. | Civil Action No. 70-2320 |
| Rebecca Lowey, et al. v. David C. Bevan, et al. | Civil Action No. 70-2818 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Florence Howitt v. Saunders, et al. | Civil Action No. 70-3027 |
| Louis W. Goodkind v. Penn Central Co., et al. | Civil Action No. 70-3140 |
| Robert Ullman, et al. v. Saunders, et al. | Civil Action No. 70-3148 |
| Samuel Finkelstein v. Bevan, et al. | Civil Action No. 70-3273 |
| Ann Nemser v. Smucker & Penn Central Co. | Civil Action No. 70-3302 |
| Samuel Finkelstein v. Bevan, et al. | Civil Action No. 70-3856 |

-2-

DOCKET NO. 56                                        SCHEDULE A

### SOUTHERN DISTRICT OF NEW YORK (Continued)

Jacob Miller, et al. v. David Bevan, et al.          Civil Action
                                                     No. 70-3730

Juster, Inc. v. The Pennsylvania Co., et al.         Civil Action
                                                     No. 70 Civ 4188

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

APR -9 1971

IN RE PENN CENTRAL SECURITIES LITIGATION    )    DOCKET NO. 56

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND
STANLEY A. WEIGEL*, JUDGES OF THE PANEL

PER CURIAM

On January 25, 1971, the Panel considered seventeen

actions involving alleged securities law violations growing

out of the financial difficulties of the Penn Central Trans-

portation Company and ordered that coordinated or consolidated

pretrial proceedings be held in the Eastern District of

Pennsylvania pursuant to section 1407. *In re Penn Central*

*Securities Litigation*, ___ F. Supp. ____ (JPML January 25, 1971).

The fifteen cases now before us came to the attention of the Panel

thereafter and were conditionally transferred to the Eastern

District of Pennsylvania for section 1407 pretrial proceedings

with the initial group of cases. Within the time allotted by

the Panel's Rule 12, 50 F.R.D. 203, many of the parties to these

cases indicated their opposition to transfer and on March 26,

1971, a hearing was held, after notice to the parties, on the

---

* Judge Weigel did not participate in the decision in this
matter.

- 2 -

question of transfer.  We have concluded that none of these
cases should be transferred to the Eastern District of
Pennsylvania, but that one group of cases, the commercial paper
cases, is appropriate for section 1407 pretrial proceedings.
in the Southern District of New York.

I.

Our discussion will be facilitated by a classification
of all cases now before the Panel into three categories.  The
first group consists of twelve cases in four districts arising
from the sale of Penn Central Transportation Company's commercial
paper by Goldman, Sachs & Co.[1]/  The plaintiffs in these cases
allege that they purchased short-term promissory notes of the
Transportation Company from Goldman, Sachs and that the paper
became worthless when the Transportation Company subsequently
filed its petition in reorganization.[2]/  They further allege
that Goldman, Sachs violated the securities laws in connection
with these sales by misstating or omitting to state material
information possessed by it concerning the financial health of
the Transportation Company.

---

[1]/  At the time the Transportation Company entered reorganiza-
tion, it had outstanding approximately $82,530,000 of commerical
paper, all sold by Goldman, Sachs to approximately sixty holders.
Additional actions are expected to be filed by other purchasers.
[2]/  Two additional cases in this category, *Beedlo Corp. v.
Goldman, Sachs & Co.*, Civil Action No. 70 Civ. 3421 (S.D. N.Y.)
and *Homestake Mining Co. v. Goldman, Sachs & Co.*, Civil Action
No. C-71-76 GSL (N.D. Cal.), were transferred to Philadelphia
pursuant to the Panel's Rule 12, without opposition.  The Panel
has the power to remand these actions, however, see 28 U.S.C.
§1407(a), and they will be governed by the Panel's disposition of
the cases in which oppositions to transfer were received.

- 3 -

Virtually all parties to these cases agree that they raise common questions of fact concerning Goldman, Sachs' liability, and more particularly, concerning the statements actually made by Goldman, Sachs and the knowledge possessed by it concerning the Transportation Company's financial affairs.  We agree and conclude that the convenience of the parties and witnesses and the just and efficient conduct of the litigation would be served by section 1407 pretrial proceedings.

The disputed question is whether these cases should be sent to Philadelphia for pretrial proceedings with the previously-transferred cases or transferred to some other forum. We conclude that the commercial paper cases are sufficiently different from the earlier cases that neither the convenience of the parties and witnesses nor the just and efficient conduct of the litigation would be served by their transfer to Philadelphia. These cases rest on a different set of primary facts than the earlier cases.  They all turn primarily on the conduct and knowledge of Goldman, Sachs as a principal rather than the alleged insider trading, mismanagement and breaches of fiduciary duty within the Penn Central companies involved in the earlier cases.  Of course, the full development of these cases may require investigation of factual areas covered in Philadelphia.  Whatever efficiencies might result in these limited areas from transfer, however, would be outweighed by the need for separate treatment of the major portion of these cases and the difficulty which any transferee

- 4 -

judge would face in attempting to meet such needs in an unduly large and complex group of cases.  See, *In re Antibiotic Drug Litigation*, 320 F. Supp. 586 (JPML 1971).

Since these cases are to be treated separately, we think the Southern District of New York is the most appropriate transferee forum.  As plaintiffs note, the majority of cases are pending there and Judge David N. Edelstein, to whom a number of the cases have been assigned for all purposes, has`become familiar with the litigation while supervising the considerable discovery obtained in the cases before him.

The disposition of these cases is somewhat complicated by the existence of third-party claims by Goldman, Sachs in nine of these cases naming the Penn Central Company, the Transportation Company, the Pennsylvania Company, Peat, Marwick, Mitchell & Co., and various officials of the Penn Central companies as third-party defendants.[3/]  The allegations of these claims are identical to those asserted against the same defendants in the Philadelphia cases and even those opposed to transfer of the claims against Goldman, Sachs agree on the desirability of sending these third-party claims to Philadelphia.  Accordingly, the third-party claims will be separated and transferred to the Eastern District of Pennsylvania.  Thus pretrial proceedings relating to the claims between the holders of Penn Central commercial paper and Goldman, Sachs (and related defendants) will be conducted by Judge Edelstein in New York while pretrial proceedings relating to the third-party actions brought by Goldman, Sachs will be conducted by Judge Lord in Philadelphia.

---

[3/]  Third-party claims are also asserted in the *Beedlo* and *Homestake* actions, see n. 2, *supra*.

- 5 -

II.

The second category of cases is composed of two actions
filed in the Southern District of New York alleging securities
law violations by a group of banks, underwriters and mutual
funds in the sale of common stock of the Penn Central Company.
They allege that the defendants, between April 28, 1970 and
June 21, 1970, sold the common stock of that company with
knowledge of its deteriorating financial condition not generally
available to the public.  In connection with their claim,
plaintiffs seek to represent a class composed of all purchasers
of common stock during that period.

These two cases are not appropriate for transfer to the
Eastern District of Pennsylvania.  The central questions of fact
in these cases involve the misrepresentation and omissions of
the defendant institutions and, as in the commercial paper
cases, are at least one step removed from the facts of the
Philadelphia cases, which involve the misrepresentation, omissions
and misdeeds of the Penn Central companies and their officers
and directors.

To the extent that common areas of discovery and con-
flicting class determinations are possible, suitable procedures
are available short of transfer under section 1407.  Under
Rule 2 of the General Rules of the Southern District of New
York, the parties may apply for assignment of the cases to one
judge, and, if upon application one is assigned, he would be in

- 6 -

a position to coordinate discovery proceedings in those actions
with the proceedings before Judge Lord in Philadelphia.   See
*Manual for Complex and Multidistrict Litigation*, §5.32[1].

## III.

The final category consists of a single case, the
*Kaminsky Case*, commenced in September of 1968.   It alleges that
Howard Butcher III, then a member of the Board of Directors of
the Penn Central Company, used inside information concerning
the company for the benefit of himself and customers of his
brokerage firm, Butcher & Sherrerd.   Recovery is sought from
these two parties and from the Penn Central companies and their
officers and directors.   Although it appears that both plaintiffs
and defendants have failed to prepare this case for trial
expeditiously, it is so close to readiness now that we believe
it best to leave it in the Southern District of New York.

IT IS THEREFORE ORDERED that all actions in the attached
Schedule A containing third-party claims by the defendant Goldman,
Sachs be, and the same are, hereby transferred to the Eastern
District of Pennsylvania and, with the prior consent of that
Court, assigned to the Honorable Joseph S. Lord, III for coordi-
nated or consolidated pretrial proceedings pursuant to section
1407.

IT IS FURTHER ORDERED that all third-party claims asserted
by the defendant Goldman, Sachs & Co., in the actions in Schedule
A and in *Beedlo Corp. v. Goldman, Sachs & Co.*, Civil Action
No. 70 Civ. 3421 (S.D. N.Y.) and *Homestake Mining Co. v.
Goldman, Sachs & Co.*, Civil Action No. C-71-76 GSL (N.D. Cal.),

- 7 -

presently pending before Judge Lord, be, and the same are, hereby separated from the remainder of those actions and the remainder of those actions, including the *Beedlo* and *Homestake* actions, are remanded to the districts in which they were filed.

IT IS FURTHER ORDERED that all actions in Schedule A (other than those pending in the Southern District of New York) and the *Beedlo* and *Homestake* actions be, and the same are, hereby transferred to the Southern District of New York and, with the permission of that Court, assigned to the Honorable David N. Edelstein for coordinated or consolidated pretrial proceedings pursuant to section 1407.

IT IS FURTHER ORDERED that the Clerks of the Southern District of New York, Northern District of California, Eastern District of North Carolina, District of South Carolina and the Eastern District of Pennsylvania prepare duplicates of the files of the civil actions in Schedule A pending in their districts and forward one duplicate file in each of said actions to the Clerk of the transferee district, which in respect to each action is as follows:

- 8 -

| Transferor District | Transferee District |
|---|---|
| **Southern District of New York** | |
| *Welch Foods, Inc.* (70 Civ. 4811) | E.D. Pa. |
| *Good Hope Corp.* (71 Civ. 191) | E.D. Pa. |
| *Pratt Institute* (71 Civ. 190) | E.D. Pa. |
| *College Life Insurance Co.* (71 Civ. 381) | E.D. Pa. |
| *Getty Oil* (71 Civ. 547) | E.D. Pa. |
| *Walt Disney Productions* (71 Civ. 575) | E.D. Pa. |
| *Diller-Encino Co.* (71 Civ. 660) | E.D. Pa. |
| **Northern District of California** | |
| *American Automobile Insurance Co.* (C-70-2449-GSL) | E.D. Pa.; S.D. N.Y. |
| **Eastern District of North Carolina** | |
| *Thorpe & Ricks, Inc.* (Civ. No. 1214) | E.D. Pa; S.D. N.Y. |
| **District of South Carolina** | |
| *Clinton Mills* (No. 71-181) | S.D. N.Y. |
| **Eastern District of Pennsylvania** | |
| *Beedlo Corp.* (71-444)  (S.D. N.Y. CA No. 70 Civ. 3421) | S.D. N.Y. |
| *Homestake Mining Co.* (71-488) (N.D. Cal. CA No. C-71-76-GSL) | S.D. N.Y. |

IT IS FURTHER ORDERED that the conditional transfer orders entered in the actions listed on the attached Schedule B be, and the same are hereby vacated.

DOCKET NO. 56                        SCHEDULE A

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Welch Foods Inc., et al. v. Goldman, Sachs & Co. | Civil Action No. 70 Civ. 4811 |
| Good Hope Corp. v. Goldman, Sachs & Co., et al. | Civil Action No. 71 Civ. 191 |
| Pratt Institute v. Goldman, Sachs & Co., et al. | Civil Action No. 71 Civ. 190 |
| College Life Insurance Company of America v. Goldman, Sachs & Co. | Civil Action No. 71 Civ. 381 |
| Getty Oil v. Goldman, Sachs & Co. | Civil Action No. 71 Civ. 547 |
| Walt Disney Productions v. Goldman, Sachs & Co. | Civil Action No. 71 Civ. 575 |
| University Hill Foundation v. Goldman, Sachs & Co. | Civil Action No. 71 Civ. 1166 |
| Olympia Brewing Company v. Goldman, Sachs & Co. | Civil Action No. 71 Civ. 1125 DNE |
| Diller-Encino Co., et al. v. Goldman, Sachs & Co., et al. | Civil Action No. 71 Civ. 660 |

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| American Automobile Insurance Co. v. Goldman, Sachs & Co. | Civil Action No. C-70-2449-GSL |

## EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Thorpe & Ricks, Inc. v. Goldman, Sachs & Co., Inc. | Civil Action No. 1214 |

## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clinton Mills, Inc. v. Goldman, Sachs & Co. | Civil Action No. 71-181 |

DOCKET NO. 56                              SCHEDULE B

### SOUTHERN DISTRICT OF NEW YORK

Harry Lewis v. Robert S. Odell,        Civil Action
et al.                                 No. 68 Civ. 3558


Dura-Bilt Corp. v. Chase Manhattan     Civil Action
Bank, et al.                           No. 70 Civ. 4906


George Starkman & Jean Starkman v.     Civil Action
Chase Manhattan Corp.                  No. 70 Civ. 4666

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

PENN CENTRAL SECURITIES LITIGATION )
)
*Byron Williams, et al. v. The Pennsylvania* )   DOCKET NO. 56
*Co., et al.,* Northern District of Texas, )
Civil Action No. CA-3-4859-D )

OPINION AND ORDER
————————

BEFORE ALFRED P. MURRAH*, CHAIRMAN AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, IlI, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL
————————

PER CURIAM

    The civil litigation involving the Penn Central Company's

financial affairs has been the subject of two previous Panel

Opinions.  In January 1971, the Panel transferred eight actions

brought by holders of the stocks and bonds of the Penn Central

companies to the Eastern District of Pennsylvania for coordinated

or consolidated pretrial proceedings with nine similar actions

pending there.  In re Penn Central Securities Litigation, 332 F.

Supp. 1021 (J.P.M.L. 1971).  All actions were assigned to Judge

Joseph S. Lord, III of that district.  In April of 1971 the Panel

concluded that twelve cases arising from the sale of Penn Central's

commercial paper by Goldman, Sachs & Co. were sufficiently different

from the stockholder and bondholder actions to require separate

pretrial proceedings under Section 1407.[1]   In re Penn Central

————————

\*     Although Judge Murrah was not present at the hearing he has,
with the consent of all parties, participated in this decision.
[1]/     The third-party claims asserted in these actions by Goldman
Sachs against the Penn Central Co. and related defendants were sev-
ered from the remainder of the actions and transferred to the Eastern
District of Pennsylvania for pretrial proceedings with the cases
earlier transferred to Judge Lord.  Transfer in several unrelated
actions involving Penn Central was denied.



- 2 -

Securities Litigation, 325 F. Supp. 409 (J.P.M.L. 1971).  These
cases were transferred to the Southern District of New York and
assigned to Chief Judge David N. Edelstein of that district.  Since
the time of these opinions, forty-two additional actions and third-
party claims have been transferred to Pennsylvania and four actions
to New York by Conditional Transfer Orders entered pursuant to
the Panel's Rule 12.

Plaintiffs in the above-captioned action, joined by two
defendants, have moved to vacate the conditional order of transfer
to Philadelphia entered in their case.  Several individual and
corporate defendants oppose that motion and support transfer to
Philadelphia.  After considering the arguments advanced by the
parties in their pleadings and at the hearing in this matter, the
Panel has concluded that the Williams action must be transferred
to the Eastern District of Pennsylvania.

The Williams case is brought by two minority shareholders of
Great Southwest Corporation (GSC), a subsidiary of The Pennsylvania
Company.  The Pennsylvania Company (Pennco) is a subsidiary of the
Penn Central Transportation Company, now the subject of a Section
77 Reorganization in the Eastern District of Pennsylvania.  The
plaintiffs assert derivative claims on behalf of GSC and class re-
presentation claims on behalf of all minority shareholders of that
corporation.  More than 130 defendants are named in their complaint,
which numbers 131 pages and is said by plaintiffs to state four
basic causes of action.  The first cause of action consists of
allegations that Pennco and others caused GSC to interlock

- 3 -

directorships with Macco Corporation, one of GSC's competitors,
in a manner violative of the Clayton and Sherman Acts.  Second,
the 1969 merger of Macco into GSC is alleged to have been
unfair to GSC and in violation of both the antitrust and
federal securities laws.  Third, plaintiffs allege that a
Tax Allocation Agreement was fraudulently imposed on GSC by
Pennco to GSC's detriment.  And finally, Pennco is said to
have conspired with a "consortium" of banks to loot GSC,
defraud the minority shareholders, manipulate the price of
its stock and vest control in the banks rather than the
directors or bankruptcy trustees.

Plaintiffs argue that their action involves only the
affairs of GSC, that the focus of the litigation will be in
Texas where GSC is incorporated, and that they have only a
minimal amount of discovery remaining to complete.  Although
the complaint includes allegations concerning Penn Central
Transportation and its reorganization, these are said to be
only background for the central allegations concerning GSC.[2/]

The defendants supporting transfer have persuasively
argued that many of the issues in the <u>Williams</u> case are common
to the Philadelphia cases.  For example, the general question
of the nature of the relationship between GSC and Pennco is
of importance in all cases.  Two of the actions in Philadelphia[3/]

---

2/  A similar position on the question of transfer has been
taken by defendant Charles J. Hodge.
3/  <u>Dorfman v. First Boston Corp., et al.</u>, E.D. Pa., Civil Action
No. 70-1845; <u>Juster, Inc. v. The Pennsylvania Co., et al.</u>, E.D.
Pa., Civil Action No. 71-269.

- 4 -

were brought by bondholders of Pennco who assert that mis-
statements were made in the offering circular for the bonds,
including misstatements concerning GSC.  And other complaints
in Philadelphia contain more general allegations questioning
the diversification of the Penn Central companies into non-
railroad enterprises and alleging the mismanagement of those
subsidiaries.  Since GSC was apparently one of Pennco's most
valuable investments, development of the facts concerning GSC
will obviously be important to these allegations.  In particular,
the plaintiffs in all cases will be concerned with the validity
of the Tax Allocation Plan and other obligations GSC owed
Pennco, the extent of Pennco's ownership of GSC and the pro-
priety of its treatment of GSC in its financial statements.

It seems clear that if the Williams case is allowed to
proceed independently in Texas, the discovery efforts in
that action will duplicate discovery needed in the Philadelphia
cases.  As Pennco points out, it is also possible that if
these cases proceed in two different districts, inconsistent
pretrial rulings may be made concerning the accuracy of Pennco's
financial statements and the validity of its ownership interest
in and Tax Allocation Agreement with GSC.  To avoid the needless
duplication of time and effort and the threat of inconsistent

- 5 -

pretrial rulings, the Williams case must be transferred to Philadelphia.[4]

Although conceding that there may be questions of fact common to Williams and the Philadelphia cases, defendant Glore Forgan Wm. R. Staats, Inc. has expressed its opposition to the unconditional transfer of Williams.  Glore Forgan apparently fears that tag-along cases following in the wake of the Panel's initial order of transfer will not be given the same factual analysis that the initial groups of actions received.  It argues that there are sufficient individual features in Williams

---

[4]  We note that the Pennsylvania Company, in addition to its response urging transfer of this action, has filed with the Panel a motion requesting that all proceedings except service of process be suspended in Williams.  Although the question is mooted by the entry of this Opinion and Order, we wish to note that Section 1407 limits the Panel's authority to the transfer of related cases for coordinated or consolidated pretrial proceedings.  And Rule 13(f) of the Rules of Procedure provides:

> The issuance of a show cause or hearing order does not affect or suspend orders and discovery proceedings in the district courts in which the cases are pending.

The Panel's experience indicates that the use of stay orders by the district courts, particularly in the area of discovery, is usually undesirable.  Any discovery obtained prior to the Panel decision will benefit the parties to the action if transfer is denied and will presumably be made available to all other parties if transfer is ordered.  Cf., Manual for Complex and Multidistrict Litigation, §1.1.  A stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge and to avoid inconsistent judicial rulings.  See, In re Plumbing Fixtures Litigation, 298 F. Supp. 484 (JPML 1968).

- 6 -

to require that any transfer be on the express condition
that the case proceed separately from the others.

As we have stated, our analysis of the allegations of
the Williams complaint has convinced us that there are suf-
ficient common questions of fact to require its transfer to
Philadelphia for the convenience of the parties and witnesses
and the just and efficient conduct of the litigation. We
think it is unnecessary for the Panel to impose conditions
on that transfer. The transferee judge, by virtue of his
day-to-day contact with the assigned litigation, is in the
best position to determine the practicality of coordinating
pretrial proceedings in a tag-along case such as this with
the pretrial proceedings in the other cases.

IT IS THEREFORE ORDERED that the Motion to Vacate the
Conditional Transfer Order in the above action is denied and
that the stay of execution is lifted.

IT IS FURTHER ORDERED that the above action be, and
hereby is, transferred to the Eastern District of Pennsylvania
and assigned to the Honorable Joseph S. Lord, III for coordi-
nated or consolidated pretrial proceedings under 28 U.S.C.
§1407.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

OCT -2 1972

IN RE PENN CENTRAL SECURITIES )
LITIGATION                    )

Byron Williams, et al. v.     )
Pennsylvania Co., et al.,     )
N.D. Texas, No. CA 3-4859-D   )          DOCKET NO. 56

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL*, JUDGES OF
THE PANEL

PER CURIAM

This derivative and class action on behalf of Great

Southwest Corp. and its minority stockholders was trans-

ferred to the Eastern District of Pennsylvania in 1971 as

a tag-along case in the Penn Central Securities Litigation.

In re Penn Central Securities Litigation, 333 F. Supp. 382

(J.P.M.L. 1971).  Plaintiff Williams recently filed a motion

to remand his action to the Northern District of Texas for

the completion of pretrial proceedings and trial.  Several

defendants have opposed that motion.[1]  On the basis of the

briefs and arguments, we deny the motion for remand without

---

\*   Although Judges Weinfeld, Robson and Weigel were not present
at the hearing, they have, with the consent of all parties,
participated in this decision.

[1]   Those defendants are The Pennsylvania Company,
Glore Staats Corp., Glore Forgan, William R. Staats & Co.,
Industrial Valley Bank & Trust Co. and several individual
defendants.

-2-

prejudice to its later consideration on the suggestion of
the transferee judge or the motion of a party, pursuant to
the Panel's newly revised Rule 15.[2/]

Great Southwest is a subsidiary of the Pennsylvania
Co. (Pennco) which in turn is a subsidiary of the Penn
Central Transportation Co., now in reorganization in the
Eastern District of Pennsylvania.  The minority stockholders
of Great Southwest assert four basic claims against 130
defendants, including Pennco, Penn Central Transportation,
and a large number of investment houses, banks and individuals.
Each of the four claims explores some aspect of the relation-
ship between Pennco and Great Southwest.  Two of the claims
relate to Great Southwest's interlocking directorships
and eventual merger with a competitor, allegedly at the
direction of Pennco and in violation of federal antitrust
and securities laws.  Williams also alleges Pennco fraudulently
imposed a Tax Allocation Agreement on Great Southwest for the
benefit of the banks, looting the corporation and injuring
the minority stockholders.

In ordering the transfer of the Williams action, we
concluded that many of the issues of fact raised by Williams
were common to the Penn Central actions already consolidated
in the Eastern District of Pennsylvania.  In re Penn Central
Securities Litigation, supra.  We noted that the question of

---

2/    Rule 15, revised on August 30, 1972, is attached.

-3-

Great Southwest's relationship with Pennco was the subject
of inquiry in several actions and that the Williams'
allegations concerning Great Southwest, one of Pennco's most
valuable investments, were but a specific illustration of
more general allegations in other cases concerning the Penn
Central diversification program and alleged mismanagement
of subsidiaries.  To avoid needless duplication of discovery
and possibly inconsistent pretrial rulings, we ordered the
Williams action transferred to the Eastern District of
Pennsylvania.

Williams advances the same arguments in support of
remand that were advanced in opposition to the initial
transfer.  He asserts that, while his allegations peripherally
involve Pennco and Penn Central Transportation, development of
his case will mainly involve documents and witnesses relating
exclusively to Great Southwest.  Williams suggests that the
overlap in discovery be remedied by ordering remand to the
Northern District of Texas with the express direction to
coordinate discovery with that taking place in the Eastern
District of Pennsylvania.

The factual interrelationships already described in
our first opinion and order require that the Williams case
continue under the supervision of the transferee judge.  And
we agree with defendants opposing remand that nothing has
occurred since that opinion and order which requires the
remand of the action.  It is possible, however, that some
future developments in the litigation may make reconsideration

-4-

of the remand question necessary and we make this denial of remand without prejudice to such later consideration.  For this reason we call the attention of the parties to the newly revised Rule 15, providing for the entry of conditional remand or show cause orders on the suggestion of the transferee judge or, alternatively, the filing of a motion for remand by any party.

IT IS THEREFORE ORDERED that the motion to remand the action entitled Byron Williams, et al. v. Pennsylvania Co., et al., E.D. Pennsylvania, Civil Action No. 72-2838, be, and the same hereby is, DENIED without prejudice.

Attachment.

Attachment

RULE 15

### Termination and Remand

In the absence of unusual circumstances,

(a)    Actions terminated in the transferee court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee court.  The clerk of the transferee court shall send a copy of the order terminating the action to the Clerk of the Panel and to the clerk of the transferor court but shall retain the original files and records unless otherwise directed by the transferee judge or by the Panel.

(b)    Each transferred action that has not been terminated in the transferee court will be remanded to the transferor district for trial, unless ordered transferred by the transferee judge to the transferee or other district under 28 U.S.C. §1404(a) or 28 U.S.C. §1406.  In the event that the transferee judge transfers an action under 28 U.S.C. §§1404(a) or 1406, an order of remand shall not be necessary to authorize further proceedings including trial.

(c)    The Panel shall consider remand of each transferred action or any separable claim, cross-claim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on

(i)    motion of any party;

(ii)    suggestion of the transferee court; or,

RULE 15                                                    p. 2

    (iii)  its own initiative, by
entry of an order to show cause, a condi-
tional remand order or other appropriate
order.

  (d)  If remand is sought by motion of a party, the
motion shall be accompanied by:

    (i)  An affidavit reciting that
all common discovery and other pretrial pro-
ceedings have been completed in the action
sought to be remanded and that all orders of
the transferee court have been satisfactorily
complied with or that remand is otherwise
appropriate; and

    (ii)  A copy of the transferee court's
final pretrial order, where such order has been
entered.

  Motions to remand and responses thereto shall be governed
by Rules 4, 5, 6, 7 and 8 of these Rules.

  (e)  When an order to show cause why an action or
actions should not be remanded is entered pursuant to para-
graph (iii) of Rule 15(c), any party may file a response and
accompanying brief within fifteen days of the filing of said
order unless otherwise provided for in the order.  Within five
days of receipt of a party's response or brief, any party may
file a reply brief limited to new matters.  Responses and
replies shall be filed and served in conformity with Rules 4,
5, 6, 7 and 8 of these Rules.

(f)   Conditional Remand Orders

(i)   When the Panel has been advised
by the transferee judge that pretrial pro-
ceedings in the litigation assigned to him are
concluded or that remand of an action or actions
is otherwise appropriate, an order may be
entered by the Clerk of the Panel remanding the
action or actions to the transferor court.  The
Clerk of the Panel shall distribute a copy of the
order to each party to the litigation but,
in order to afford all parties the opportunity to
oppose remand, shall not send the order to the
clerk of the transferee court for fifteen days
from the entry thereof.

(ii)   Any party opposing the remand shall
file a Notice of Opposition with the Clerk of the
Panel within the fifteen-day period.  If a Notice
of Opposition is received by the Clerk of the Panel
within this period, the Clerk of the Panel shall not
transmit said order to the clerk of the transferee
court until further order of the Panel.

(iii)   Within fifteen days of the filing
of its Notice of Opposition, the opposing party
shall file and serve on *all parties* a motion to
vacate the conditional remand order and brief in

RULE 15                                          p. 4

support thereof.  Any party desiring to respond shall
serve and file an answering brief on all parties
within fifteen days after service of said motion to
vacate.  Unless otherwise ordered by the Panel, the
Clerk of the Panel shall set the motion for hearing
at the next session of the Panel.  Failure to file
and serve a motion and brief shall be deemed a
withdrawal of the opposition and the Clerk of the
Panel shall forthwith transmit the order to the
clerk of the transferee court.

     (iv)   Conditional remand orders do
not become effective unless and until they are
filed with the clerk of the transferee court.

     (v)   Motions to vacate such orders of
the Panel and responses thereto shall be governed
by Rules 4, 5, 6, 7 and 8 of these Rules.

(g)   Upon receipt of an order to remand from the Clerk
of the Panel, the parties shall furnish forthwith to the
transferee clerk a stipulation or designation of the contents
of the record to be remanded and furnish the transferee clerk
all necessary copies of any pleading or other matter filed so
as to enable the transferee clerk to comply with the order
of remand.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -7 1972

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE PENN CENTRAL COMMERCIAL    )
PAPER LITIGATION                 )
                                 )    DOCKET NO. 56A
*ALEX SHULMAN v. SEATTLE-FIRST   )
NATIONAL BANK, ET AL.,* W. D.    )
WASHINGTON, CIVIL ACTION NO.     )
9760                             )

OPINION AND ORDER
————————————

BEFORE ALFRED P. MURRAH*, CHAIRMAN AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

————————————

PER CURIAM

        Alex Shulman allegedly purchased commercial paper of

the Penn Central Transportation Company from the Seattle-First

National Bank which had, in turn, purchased the paper from Goldman,

Sachs & Co.  When the Transportation Company entered into reorganiza-

tion and the note held by him was not paid, Shulman brought an

action against Goldman, Sachs in the Southern District of New York

to recover on the note.  The Panel subsequently transferred all

other actions then pending involving Goldman, Sachs' sale of

the Transportation Company's commercial paper to the Southern

District of New York for pretrial proceedings with the cases

———————————————————————————————————————

*   Although Judges Murrah, Weinfeld and Robson were not present
at the hearing, they have, with the consent of all parties,
participated in this decision.

- 2 -

pending there.  In re Penn Central Securities Litigation, 325 F. Supp. 309 (J.P.M.L. 1971).

Several months later Shulman brought the present action against the Seattle-First National Bank in the Western District of Washington, alleging that the bank had violated state and federal securities laws in connection with the sale of the note to him and seeking recovery on the note. The bank then filed a third-party complaint against Goldman, Sachs and its partners, praying for recovery from Goldman, Sachs of any damages recovered from the bank by Shulman.

Because of the apparent factual relationship between Shulman's Washington action and the cases pending in the Southern District of New York, an order was entered conditionally transferring the Washington action to New York for pretrial proceedings.  Shulman now moves to vacate that order. Seattle-First National Bank and Goldman, Sachs oppose that motion and support transfer.  On the basis of the briefs and arguments, we are satisfied that extensive common issues of fact exist and that the convenience of the parties and witnesses to this action and its just and efficient conduct will be furthered by its transfer to New York.

Shulman's attempts to distinguish his complaint from the complaints in the actions already pending in the Southern District of New York are unavailing.  First, he

- 3 -

claims that his action is based on the theory that the bank's recommendation of investment in the paper was an ultra vires contract in violation of the National Banking Act, 12 U.S.C. §§21, et seq. Shulman's complaint speaks only of violations of the state and federal securities laws, but in any event a difference in legal theories is of no consequence if all theories involve common questions of fact.

Shulman also denied the existence of common questions of fact, however, contending that the Washington action turns on questions concerning Seattle's knowledge of the Penn Central Transportation Company and its advice to Shulman. As Seattle and Goldman, Sachs stress, however, there is a great deal of similarity between Shulman's Washington complaint and the complaints filed in the New York actions. All are premised on allegations concerning Penn Central Transportation's financial condition and the information which a vendor of its commercial paper should have had in January of 1971. And many similar allegations are made concerning Goldman, Sachs' knowledge of Penn Central Transportation's financial condition and mis-representations and ommissions made by Goldman, Sachs in connection with the sale of the commercial paper.

In addition, it appears certain that the Washington action against the bank has additional questions of fact in common with the bank's third-party action (which all parties agree should be transferred to New York) and Shulman's New

- 4 -

York action against Goldman, Sachs.  Goldman, Sachs and
Shulman will both be interested in developing the factual
basis for any purchase recommendations made by the bank and
both Shulman and the bank will wish to secure the same informa-
tion concerning Goldman, Sachs' relationship with Penn Central
Transportation.  And it is also clear that both the bank and
Goldman, Sachs will want discovery of the same information
from Shulman concerning his purchase.

The convenience of the parties and witnesses as
well as the just and efficient conduct of the litigation
will be served by transfer since the extensive common issues
of fact will otherwise result in duplication of discovery
efforts.  Transfer will be particularly convenient for the
parties since both plaintiff Shulman and third-party defendant
Goldman, Sachs are already engaged in the New York proceedings.
And, finally, transfer of this action against the bank, as
intermediate purchaser will not unduly enlarge the scope of
pretrial proceedings in New York.  Goldman, Sachs points out
that other intermediate purchaser banks are present in other
actions in New York as both plaintiffs and defendants.

IT IS THEREFORE ORDERED that the above-captioned
action be and the same hereby is transferred to the Southern
District of New York and, with the prior consent of that
court, assigned to the Honorable David N. Edelstein for coordi-
nated or consolidated pretrial proceedings under 28 U.S.C. §1407.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 27 1973

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE PENN CENTRAL COMMERCIAL ) 
PAPER LITIGATION )     DOCKET NO. 56A

<u>Manufacturers Bank and Trust Company of St. Louis v. Goldman, Sachs</u>
<u>& Co.</u>, (E.D. Mo., Civil Action No. 71C 161(2)), S.D.N.Y.
Civil Action No. 71 Civ. 2228

OPINION AND ORDER
_____

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD *, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

_____

PER CURIAM

     The above-captioned action is one of many brought against

Goldman, Sachs alleging violations of the federal securities laws

in connection with the sale of commercial paper of Penn Central

Transportation Company by Goldman, Sachs.  The actions in this

litigation  were transferred by the Panel to the Southern District

of New York and assigned to the Honorable David N. Edelstein

for coordinated or consolidated pretrial proceedings pursuant to

28 U.S.C. §1407.  Plaintiff in the above-captioned action has

moved, pursuant to Rule 15 (c)(i) of the <u>Rules of Procedure of</u>

<u>the Judicial Panel on Multidistrict Litigation</u>, 55 F.R.D. LI

(J.P.M.L. 1972), for remand of this action from the Southern District

of New York to the Eastern District of Missouri for further pro-

_____

*    Although Judge Weinfeld was unable to attend the Panel
    hearing, he has, with the consent of all parties, participated
    in this decision.

- 2 -

ceedings and trial.  Defendant opposes remand and, on the basis
of the papers filed and the hearing held, we find that plaintiff's
motion for remand is premature.

Even though the transferee court has ordered all discov-
ery in this litigation to be completed by April 30, 1973, plaintiff
asserts that all common discovery in the coordinated or consoli-
dated proceedings is already complete and that its action is now ripe
for remand.  Defendant Goldman, Sachs does not agree.  It argues
that the depositions it has scheduled are important to its defense
of plaintiff's claims as well as the claims asserted by the other
plaintiffs against Goldman, Sachs and, to this extent, discovery
common to all actions is not complete.  Plaintiff contends, however,
that defendant's depositions are only important to the third-party
claims asserted by Goldman, Sachs against the Penn Central rail-
road defendants, which claims the Panel has severed from the
Penn Central commercial paper litigation and transferred to the
Eastern District of Pennsylvania as part of the coordinated or
consolidated pretrial proceedings in the Penn Central securities
fraud litigation pending before the Honorable Joseph S. Lord, III.

Clearly, the parties are in dispute as to whether any
common discovery remains to be completed in the coordinated or
consolidated proceedings in New York.  The transferee judge,
of course, is in the best position to assess whether common
discovery has been exhausted and whether an action is ripe for
remand.  In addition to discovery, there may be other matters
common to the actions in the coordinated or consolidated pretrial

- 3 -

proceedings that the transferee judge may wish to resolve prior
to remand under Section 1407.  In view of the April 30 deadline
for the completion of discovery in this litigation and absent
any indication from the transferee judge  concerning the appropri-
ateness of remand, it would be premature for us to order this action
remanded to the Eastern District of Missouri at this time.

IT IS THEREFORE ORDERED that plaintiff's motion for
remand of the above-captioned action from the Southern District
of New York to the Eastern District of Missouri be, and the same
hereby is, DENIED, but without prejudice to reconsideration
at a later time.